KRAUSE, Executor, etc., et al. *v.* PLITT

[No. 198, September Term, 1959.]

*Decided April 12, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William Saxon* for the appellants.

The Court declined to hear argument for the appellee.

. *J. Paul Bright, Jr., H. Mortimer Kremer, Bradley T. J. Mettee, Jr.,* and *Cross & Shriver* on the brief for the appellee.

PER CURIAM.

The appellee, Plitt, sued the appellants, the Krauses, upon their promissory note dated April 15, 1957, in the principal amount of $3,500, and made payable to the order of Alsage Realty Co. (Alsage) thirty days after date. The trial judge found that the Krauses signed the note at the instigation of one Blacker in order to help their son-in-law, Sidney Kellam (Kellam), upon condition that Kellam's parents would also sign the same as co-makers. After the Krauses had signed the note, Blacker gave Kellam $3,500 in cash for it. Blacker, shortly after the date of the note, delivered it to Plitt as a credit on an indebtedness of Alsage to Plitt (Blacker being connected with Alsage in some manner), which indebtedness was in excess of $4,000. At the time Plitt received the note, he had no knowledge of the circumstances under which the Krauses had signed it. We are unable to say that the trial court was clearly in error in any of his findings of fact. Rule 886.

The appellants contend the note was obtained from them by the fraud of Blacker in not having Kellam's parents sign the same as co-makers. The parents did, however, endorse the same. If we assume the conduct of Blacker in obtaining the note constituted fraud, it is not a defense to the suit if it were actually unknown to the appellee—a fact which we have determined above in favor of the appellee. *Cooke v. Real Estate Trust Co.,* 180 Md. 133, 139.

The appellants also cite Code (1957), Article 13, Section 36, and claim the instrument was incomplete and "not delivered," and that Plitt was not a holder in due course. The claim that Plitt was not a holder in due course is based upon

an argument that the facts found by the trial judge were erroneous. We have previously stated that we cannot, upon the record, find that he was clearly in error. We, therefore, sustain his ruling that Plitt was a holder in due course. When a negotiable instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him is conclusively presumed. Code (1957), Article 13, Section 37.

*Judgment affirmed, with costs.*